```
CORRINE BIELEJESKI, #244599
EAST BAY BANKRUPTCY LAW
505 W. Second St., Suite G
Antioch, CA 94509
Phone: (925) 752-1826
E-Mail: Corrine@EastBayBkLaw.com
Attorney for Debtor
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>**HAYDEE S. WONG,**<br>　　　　Debtor.<br>_____/ | Case No. 15-43138 WJL<br>Chapter 13<br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEBTOR'S MOTION FOR SANCTIONS AGAINST JULIO MENDOZA, DDS, FOR VIOLATING DEBTOR'S DISCHARGE INJUNCTION**<br><br>DATE: April 27, 2016<br>TIME: 10:30 AM<br>CTRM: 220<br><br>1300 Clay St., 2nd Floor,<br>Oakland, CA 94612 |

1. On October 13, 2015, Debtor Haydee Wong ("Debtor") filed the above-captioned bankruptcy case.

2. On February 19, 2016, Debtor received a discharge in her no asset Chapter 7 case, pursuant to 11 U.S.C. § 727. See docket #25 and Exhibit B to the Declaration of Debtor's Counsel.

3. On February 26, 2016, Debtor received notice that Julio Mendoza, DDS ("Creditor") was suing her in small claims court.

4. Debtor accidentally forgot to list Creditor when she filed her bankruptcy schedules.

5. According to Creditor's letter and lawsuit, he is suing Debtor for "dental work provided" on May 12, 2014. See Exhibit A to the Declaration of Debtor.

6. 11 U.S.C. § 524 discusses the effects of a bankruptcy discharge.

7. In particular, 11 U.S.C. § 524(a)(2) states that a discharge operates "as an injunction against the commencement or continuation of an action" to collect any debt discharged under 11 U.S.C. § 727.

8. The Ninth Circuit Court of Appeals held in *In re: Beezley*, 994 F.2d 1433 (1993), that a creditor who was not listed in a debtor's schedules in a no asset chapter 7 case could nevertheless be subject to the debtor's discharge and that a debtor need not amend her schedules to include an omitted creditor.

9. The *Beezley* court stated "where section 523 does not except a prepetition debt from discharge, the debt remains within the scope of the discharge afforded by section 727. Scheduling, per se, is irrelevant." *Id.* at 1436.

10. Creditor's lawsuit acknowledges that the debt in question is a pre-petition unpaid medical debt, which is not excepted from discharge under 11 U.S.C. § 523.

11. Thus, the debt owed to Creditor was discharged on February 19, 2016.

//

//

12. On February 26, 2016, Debtor's Counsel, Corrine Bielejeski, ("Debtor's Counsel") left a message with Creditor's secretary that Debtor had filed a bankruptcy and received a discharge.

13. On February 29, 2016, Creditor called Debtor's Counsel. Debtor's Counsel again informed Creditor that Debtor had received a bankruptcy discharge and that the bankruptcy code and *In re: Beezley* held that Creditor's debt was discharged, notwithstanding his accidental omission from Debtor's schedules.

14. Despite being informed of the discharge injunction, Creditor stated his intention to go forward with the lawsuit, saying he wanted to "let the judge decide" and that Debtor "had better be there."

15. On March 1, 2016, worried that Creditor would move forward with his small claims case, Debtor's Counsel prepared and mailed a Notice of Stay of Proceedings to the state court. See Exhibit C attached to the Declaration of Debtor's Counsel.

16. Also on March 1, 2016, Debtor's Counsel mailed Creditor a letter confirming their conversation and reiterating the law. Debtor's Counsel included a copy of Debtor's discharge and the Notice of Stay in her letter. See Exhibit D attached to the Declaration of Debtor's Counsel.

17. On March 6, 2016, Debtor's Counsel checked the small claims docket. However, no dismissal of the action, notice of continuance, or notice of stay was on file.

18. Pursuant to California Code of Civil Procedure § 116.530, no attorney may represent a client in a small claims hearing. However, an attorney may appear as a witness.

19. Since the matter was still on calendar and Debtor's Counsel could not appear on Debtor's behalf, Debtor's Counsel advised her client to attend the hearing the next day.

20. On March 7, 2016, Creditor, Debtor, and Debtor's Counsel attended the small claims hearing set by Creditor.

21. The small claims judge referenced the Notice of Stay and asked Creditor about Debtor's bankruptcy. Creditor said he knew nothing about the bankruptcy.

22. The judge allowed the matter to proceed, stating that Debtor's bankruptcy discharge did not stay the collection action. Debtor's Counsel believes the judge did not understand the difference between the automatic stay under 11 U.S.C. § 362 and the discharge injunction of 11 U.S.C. § 524.

23. At the hearing, Creditor continued to insist that the judge issue a judgment against Debtor, notwithstanding the injunction and the information provided in Debtor's Counsel's letter.

24. After Debtor struggled to explain how the debt was discharged, the judge allowed Debtor's Counsel to address the court regarding Debtor's bankruptcy and the pertinent code and case law. He took the matter under submission to review the law referenced by Debtor's Counsel in her letter to Creditor.

25. Nothing that Debtor or Debtor's Counsel said or wrote to Creditor got Creditor to cease his collections activity. Therefore, Debtor is seeking sanctions against Creditor for his willful and repeated violations of her discharge injunction.

//

26. 11 U.S.C. § 105 (a) gives a bankruptcy judge broad powers to issue any order necessary to carry out the provision of the bankruptcy code. Courts have long recognized that this section gives judges the power to sanction a party and grant attorney's fees. See Chambers v. NASCO, Inc., 501 U.S. 32 (1991); In re: Rainbow Magazine, Inc., 77 F.3d 278, 284 (9th Cir. 1996); In re: Deville, 280 BR 483 (9th Cir. BAP 2002).

27. Debtor had to miss half of a day's work in order to attend the small claims hearing. She was able to take Paid Time Off, but Creditor's actions still forced her to have a reduction of 4 hours of PTO, for a loss to Debtor of $91.00

28. In addition, Debtor was greatly disturbed to receive the collections paperwork. She was also extremely nervous before, during, and after the small claims hearing. She estimates her pain and suffering at $500.00.

29. Debtor's Counsel tried to resolve the matter informally, but Creditor refused to cease his collection actions. Debtor's Counsel billed 7.2 hours at the rate of $300/hr due to Creditor's willful and repeated violations of the Debtor's discharge injunction. She expects to bill another hour for attendance at the sanctions hearing and preparation of an order after hearing, for a total of $2,460.00.

WHEREFORE Debtor prays the court will grant her motion. Respectfully submitted:

Dated: March 24, 2016         /s/ Corrine Bielejeski
                              Corrine Bielejeski
                              Attorney for Debtor